## GENERAL INS. CO. OF AMERICA v. ALLEN.

### No. 5982.

Circuit Court of Appeals, Ninth Circuit. April 28, 1930.

James R. Bothwell and W. Orr Chapman, both of Twin Falls, Idaho, and Ralph S. Pierce, of Seattle, Wash., for appellant.

W. D. Gillis, of Boise, Idaho, and John W. Graham, of Twin Falls, Idaho, for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

KERRIGAN, District Judge.

The General Insurance Company of America appeals from a judgment against it in the sum of $10,193.44 in favor of Rose M. Allen in her action upon a fire insurance policy. The owners of the insured property, C. L. and R. A. Reynolds, were indebted to Mrs. Allen in the sum of $12,647, secured by mortgage upon a building in Filer, Idaho. The Reynolds insured this building for the sum of $10,000, the policy having attached to it the standard form known as "mortgage clause with full contribution," wherein it was provided that the interest of the mortgagee in the insurance should not be invalidated by any act or negligence of the mortgagors or owners of the premises, that the mortgagee should on demand pay any premium due under the policy which the mortgagors neglected

to pay, and that in the event of cancellation of the policy by the insurance company the policy should continue in force for the benefit of the mortgagee for ten days after notice to the mortgagee of such cancellation. The insurance was for the term of five years from September 20, 1924, premiums being payable annually; the provision of the policy in this regard being: "In consideration of the stipulations herein named and of One Hundred Thirty and 40/100 Dollars First Annual Premium, and by the payment of the then current annual premium to this Company, at or before 12 o'clock noon, on or before the 20th day of September in every year, renewing from year to year within said term, does insure C. L. and R. A. Reynolds for the term of five years from the 20th day of September, 1924, at noon, to the 20th day of September, 1929, at noon, against all direct loss or damage by fire except as hereunder provided."

The Reynolds paid two annual premiums, but no more. The building was destroyed by fire August 29, 1928. It is conceded that the loss exceeded the face value of the policy and that Mrs. Allen's interest as mortgagee also exceeded that amount.

The insurance company defended upon the ground that the policy became null and void as of 12 o'clock noon of September 20, 1926, and from that time ceased to be in force for the reason that the mortgagors and owners, the Reynolds, acting for themselves and for Mrs. Allen, failed to pay the then current annual premium, and that about October 4, 1926, the Reynolds informed the agent of the insurance company that they had replaced the insurance by a policy procured from another company, and at that time, while acting for themselves and for Mrs. Allen, delivered and surrendered the policy to the defendant insurance company. Judgment was entered for the plaintiff upon the issue thus raised.

The record amply supports this judgment. It appears that the Reynolds and Mrs. Allen had an agreement whereby the former were to keep the premises insured for the benefit of the latter. In procuring and maintaining this insurance the Reynolds acted as agents for Mrs. Allen, but their authority did not extend, merely on that account, so far as to permit them to cancel the policy thus procured. Mrs. Allen did not in fact know of the cancellation of the policy until after the loss occurred. She had not expressly authorized it. It can serve no purpose here to review in detail the evidence upon which the insur-

ance company sought to charge Mrs. Allen with having authorized the cancellation or with having placed the Reynolds in such a position of ostensible agency as to preclude her from claiming that the cancellation was unauthorized; it is sufficient to say that the conclusion of the trial judge that the cancellation of the policy was not effective as to Mrs. Allen's interest on account of the agents' lack of authority is supported by the record. City of New York Insurance Co. v. Jordan (C. C. A.) 284 F. 420.

When the policy in suit was issued, the insurance company agreed, by attaching the mortgage clause, to deal with Mrs. Allen as mortgagee in the manner provided in that clause before the policy could be canceled or forfeited. When the Reynolds failed to pay the third year's premium and requested cancellation of the policy, the insurance company was not relieved of its obligation to perform its agreement for the benefit of the mortgagee. Accordingly, the purported cancellation, not authorized, was not effective as to Mrs. Allen's interest until notice was given to her as mortgagee by the insurance company.

It is urged, however, on behalf of the insurance company, that this question is virtually immaterial upon the ground that the policy, when issued and the first premium paid, constituted a contract of insurance for a one-year period, renewable yearly upon payment of each premium as it fell due, and that, no premiums having been paid since the second year, the liability on the policy automatically ceased when the third premium became due and was not paid. Examination of the policy as a whole, and more particularly that portion of it quoted above which sets out the term within which the policy was to be in force, shows that the construction contended for is not consistent with the general tenor of the whole contract, which appears to be clearly intended to cover an entire five-year term, subject only to the right of the insurance company to declare a forfeiture in the event that any one of the annual premium payments was not made. McMaster v. New York Life Insurance Co. (C. C.) 78 F. 33. Such a policy remains in force until it is forfeited in accordance with its terms. So far as Mrs. Allen is concerned, there was no compliance with the express agreement of the insurance company as to its course of conduct in the event of nonpayment of premiums; no demand for payment of premium; and no notice of forfeiture or cancellation. She was justified in believing and did believe that the policy was in full force and effect. Thompson v. Insurance Co., 104 U. S. 252, 26 L. Ed. 765. In view of its conduct in this regard, the insurance company cannot now urge nonpayment of premiums to evade liability.

For the reasons above stated, the judgment appealed from is affirmed.